```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:09CV346-02-MU
```

| | |
|---|---|
| SEAN C. SOWARDS,         )<br>    Plaintiff,          )<br>                          )<br>     v.                   )<br>                          )<br>C.J. McDUFFIE, Deputy     )<br>  Sheriff at the Mecklen- )<br>  burg County Jail;       )<br>BRENDA BURNS, Deputy      )<br>  Sheriff at the Mecklen- )<br>  burg County Jail;       )<br>RICHARD MUELLER, Deputy   )<br>  Sheriff at the Mecklen- )<br>  burg County Jail; and   )<br>(FNU) TOWNSEND, Deputy    )<br>  Sheriff at the Mecklen- )<br>  burg County Jail,       )<br>    Defendants.           )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court upon the initial review of Plaintiff's form-Complaint under 42 U.S.C. § 1983, filed August 10, 2009. For the reasons stated herein, Plaintiff's Complaint will be dismissed for its failure to state a constitutional claim for relief.

Plaintiff's Complaint attempts to set forth several distinct causes of action against the forgoing Defendants. For instance, Plaintiff reports that he is suing Defendants Burns and Townsend for "harassment only due to singling 1 person's criminal and family background." In support of this purported claim,

Plaintiff alleges that he was known to Defendants Burns and Townsend prior to his being detained at the Mecklenburg County Jail by virtue of a personal relationship which he had with a family member of theirs; that he was not in an "ongoing engagement with this woman nor her family" at the time he arrived at the Jail; "that these two Defendants slandered and defamed his character "by using fight words or verbal assaults"; that they defamed and slandered his "family as a hole [sic] by way of there [sic] family having a D/O uniform"; and that they violated his constitutional rights to "full faith of credit and due process . . ." by "explain[ing]" his criminal case.

Plaintiff further alleges that he and Defendant Mueller had prior knowledge of one another because Mueller's son "is 1 of the [Plaintiff's] excollegate [sic] acquiatences [sic]. Plaintiff alleges that on July 22, 2007, Defendant Mueller denied him the right to see his "legal adviser"; he asked Plaintiff if he wanted to "cooperate with the jail facility to get all charges dropped"; he informed "the #4300 pod housing unit that, [Plaintiff is] a cooperating witness in the facility on any high profile case that would enter the Jail's facility"; and he "verbally tried to assault [Plaintiff]" after the two got into an argument about the "petty issue of not being a friend to [Mueller's] son."

Notwithstanding Plaintiff's apparent belief to the contrary, however, the law is clear that mere verbal harassment

2

or abuse of inmates by guards does not state a constitutional claim for relief.  <u>Morrison v. Martin</u>, 755 F.Supp. 683, 687 (E.D.N.C. 1990); <u>Solomon v. Dixon</u>, 724 F.Supp. 1193, 1196 (E.D.N.C. 1989); <u>Fisher v. Woodson</u>, 373 F.Supp. 970, 973 (E.D. Va. 1973) (mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations.").  Nor do "verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety . . ." constitute a violation of any constitutional rights.  <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir. 1991).

Similarly, even assuming for the sake of argument that Plaintiff had alleged facts to show that these Defendants had committed slander and/or libel, or had defamed his character, Plaintiff still would not be entitled to any relief on such allegations in this Court.  That is, the law is equally clear that allegations of this nature simply do not constitute bases upon which relief may be granted under § 1983.  <u>Solomon</u>, 724 F.Supp. at 1197.  Rather, Plaintiff would have to proceed with those matters in a tort action in the appropriate state court.  <u>Staley v. South Carolina Department of Corrections</u>, 2003 WL 23541770 slip op. at 4 (D.S.C. Dec. 4, 2003) (claims of defamation, libel, slander and injury to reputation are not actionable under 42 U.S.C. § 1983), <u>citing</u> <u>Paul v. Davis</u>, 424 U.S. 696, 697-710 & nn. 3-4 (1976).

3

Last, as to Defendant McDuffie, Plaintiff alleges that in October 2007, this Defendant physically assaulted him. Plaintiff alleges that he was traumatized by the incident; and that he was emotionally drained and his pride and dignity were injured; and that he suffered neck and back pain. Although this allegation, admittedly, is more troubling, the Court still has determined that Plaintiff cannot proceed with it.

Indeed, upon close inspection, it is apparent that Plaintiff's allegation does not establish any more than a de minimis injury; therefore, he cannot state a constitutional claim for relief on this basis. In other words, de minimis injuries are not actionable relative to excessive force claims. Rather, when injuries are de minimis, excessive force claims fail except in extraordinary circumstances which have not been alleged here. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir.1994). Minor injuries such as pain, swelling, tenderness, bruising, and mild abrasions are considered de minimis in this circuit. See, e.g., Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir.1998) (finding swelling in the jaw, abrasions to wrists and ankles, and tenderness over some ribs to be de minimis). Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED that** Plaintiffs' Complaint hereby is **DISMISSED** for its failure to state a claim for relief. See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 13, 2009

Graham C. Mullen
United States District Judge